PERMIT — OVERWEIGHT VEHICLES The Commissioner of the Department of Public Safety has authority to issue overweight permits for vehicles for travel on Interstate highways within the State that exceed the federal weight limits but are within the limits prescribed by Oklahoma Statutes for use on all other Oklahoma highways. This conclusion is consistent with Oklahoma law and with the interpretation of the United States Department of Transportation. The Commissioner of the Department of Public Safety may issue such special permits on the basis that he deems appropriate as long as he complies with the Oklahoma Statutes and collects a minimum fee of Five Dollars ($5.00) for such permit. The duration of such a permit may be for whatever period the Commissioner deems appropriate. The Attorney General is in receipt of your request for an opinion in which you ask, in effect, the following questions: 1. Does the Commissioner of the Department of Public Safety have authority to issue overweight permits for vehicles that are within weight limits prescribed by the Oklahoma Statutes but exceed federal weight limits as interpreted by the United States Department of Transportation? 2. If the answer to your first question is in the affirmative, under what terms and conditions may such permits be issued? The Oklahoma Statutes dealing with gross weights of vehicles allowed on Oklahoma roads are found at 47 O.S. 14-109 [47-14-109] (1975) which provides: "(a) No group of axles shall carry on the National System of Interstate and Defense Highways, a load in pounds in excess of the value given in the following table. . . . "(b) On any road or highway not a part of the National System of Interstate and Defense Highways, . . . a vehicle or combination of vehicles shall not exceed the value given in the following table. . . ." The table contained in Section 14-109(a) had a maximum weight limitation of 73,280 pounds and corresponded identically with the federal weight limitations contained in23 U.S.C.A. 127. Section 14-109(b), setting maximum weight limitations for Oklahoma highways not part of the "Interstate" system, has a maximum weight limitation of 90,000 pounds. In January of 1975, by Public Law 93-643, Congress amended 23 U.S.C.A. 127 to change the table of federal maximum weight limitations on Interstate highways to a maximum of 80,000 pounds. 23 U.S.C. § 127 also provided, in effect, that those States which had a higher "off Interstate" load limit than that prescribed by Section 127, could authorize vehicle travel up to the maximum weight provided in their statutes for off Interstate vehicles when using the State's National System of Interstate and Defense Highways. As a result of language used in 23 U.S.C.A. 127 there has arisen a question in the application by the United States Department of Transportation as to whether a particular State was "grandfathered in" and allowed to use the excess weight as provided by that State's weight limitations for "off Interstate" highways. It is not a function of the Attorney General of the State of Oklahoma to attempt to interpret the federal laws as to whether any State, including Oklahoma, was grandfathered in under23 U.S.C.A. 127. The Attorney General does however take note of a decision by the Federal Highway Administrator, of the United States Department of Transportation charged with enforcement of 23 U.S.C.A. 127. The Administrator has ruled that issuance of special permits for excessive weights on Interstate systems, that do not exceed those provided by the Oklahoma Statutes, would not be considered a violation of the federal act. This renders moot, for the purposes of this opinion, the question of whether or not Oklahoma was in fact "grandfathered in" pursuant to23 U.S.C. § 127. The question may now be answered relying solely on the Oklahoma law. Title 47 O.S. 14-101 [47-14-101] (1975) provides in part: "(c) All size weight and load provisions covered by this chapter shall be subject to the limitations imposed by Title 23, United States Code, 127, and such other rules and regulations developed herein. Provided further that any size and weight provision authorized by the United States Congress for use on the National System of Interstate and Defense Highways, including but not limited to height, axle weight, gross weight, combinations of vehicles or load thereon, exceeding the size and weight provisions of this chapter shall be authorized for immediate use on Oklahoma Highways including the State Highway Trunk System. Said State Highway Trunk System shall include the National System of Interstate and Defense Highways and any other highways or portions thereof as designated by the State Highway Commission or their duly authorized representative." Clearly, notwithstanding the specific table set out in 47 O.S.Supp. 14-109 (1975), whenever the federal law dealing with weight limitations on Interstate highways is amended, it is the intent of the Oklahoma Legislature that the Oklahoma law conform to that federal law and therefore the table adopted by the Oklahoma Legislature was effectively repealed by the amendment of 23 U.S.C.A. 127 in 1975. Therefore, it is evident that vehicles using the Interstate highway system in Oklahoma have a specified weight range of up to 80,000 pounds. If the Commissioner of the Department of Public Safety can issue excess weight permits for vehicles which are not in fact in excess of Oklahoma weight limitations, but only those specified by the federal statute, the federal government in effect authorizes the use of such permits. The general powers and duties of the Commissioner of the Department of Public Safety are found in 47 O.S. 2-108 [47-2-108] (1971), et seq. Section 2-108 provides in part "(a) The Commissioner is hereby vested with the power and charged with the duty observing, administering and enforcing the provisions of this act and of all laws regulating the operation of vehicles or the use of the highways the enforcement and administration of which are now or hereafter vested in the Department. . . ." (Emphasis added) It is evident from reading Section 2-108 that the Commissioner of the Department of Public Safety has great latitude in administering and enforcing all provisions of the act which would of course include those provisions involving overweight vehicles. Specifically, 47 O.S.Supp. 14-118 (1975) provides in part: "(A) The State Highway Commission shall formulate, for the State Trunk Highway System, including the National System of Interstate and Defense Highways, and for all other highways or portions thereof, rules and regulations governing the movement of vehicles or loads which exceed the weight limitation specified by the provisions of Chapter 14 of Title 47, Oklahoma Statutes. Such rules and regulations shall be the basis for the development of a system by the 303 Commissioner of Public Safety for the issuance of permits for the movement of oversize or overweight vehicles . . ." It is clear, that within the guidelines of the rules set down by the State Highway Commission, the Commissioner of the Department of Public Safety may issue a special permit to allow vehicles in excess of Oklahoma weight limitations to use Oklahoma highways. Therefore, the Commissioner must have authority to issue the permit sufficient to comply with the Federal Highway Administrator's interpretation of the federal law for overweight vehicles which are in fact within the weight limitations prescribed by the Oklahoma Legislature for the vehicles using "off Interstate" highways. To say that the Commissioner could issue overweight permits for vehicles in excess of 90,000 pounds on "off Interstate" highways within the State, but could not issue a permit for vehicles using the Interstate highways of up to 90,000 pounds would result in an absurdity not contemplated by the Oklahoma Legislature. Since the Legislature could not have foreseen the various interpretations which might be placed upon the federal statutes by the Administrator of the Department of Transportation, it could not have foreseen the necessity for providing specific authorization for the Commissioner to issue overweight permits as to federal standards while within the guidelines which the Legislature prescribed for Oklahoma highways. We believe that the legislative general grant of authority to the Commissioner is sufficient to cover such a situation. It is the opinion of the Attorney General that your first question be answered in the affirmative. The Commissioner of the Department of Public Safety has authority to issue overweight permits for vehicles for travel on Interstate highways within the State that exceed the federal weight limits but are within the limits prescribed by Oklahoma Statutes for use on all other Oklahoma highways. This conclusion is consistent with Oklahoma law and with the interpretation of the United States Department of Transportation. Title 47 O.S. 14-116 [47-14-116] (1975) provides in part: "The Commissioner of Public Safety shall charge a minimum permit fee of Five Dollars ($5.00) for any permit issued pursuant to the provisions of this act, and in addition thereto shall charge a fee of Five Dollars ($5.00) for each thousand pounds in excess of the legal load limit. The Commissioner of Public Safety shall establish necessary regulations for collecting such fees. . . ." It seems clear that the Commissioner of Public Safety has the right to determine a charge to be made for the special permit as long as it has a minimum fee of Five Dollars ($5.00) as provided by 47 O.S.Supp. 14-116 (1975). Since the further provision of that section of the statute deals with Five Dollars ($5.00) for each thousand pounds in excess of the legal load limit, and since the question at hand does not contemplate any weight in excess of the legal Oklahoma load limit, no additional charge would have to be made. Further, there would seem to be no prohibition to the Commissioner of Public Safety issuing a special permit on whatever basis he deems appropriate, as the real purpose of this particular permit will be to make Oklahoma in compliance with the federal law. The vehicles in question are not in excess of the Oklahoma weight limitations and the permits are not intended as a revenue measure for the State. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. The Commissioner of the Department of Public Safety has authority to issue overweight permits for vehicles for travel on Interstate highways within the State that exceed the federal weight limits but are within the limits prescribed by Oklahoma Statutes for use on all other Oklahoma highways. This conclusion is consistent with Oklahoma law and with the interpretation of the United States Department of Transportation. It is further the opinion of the Attorney General that your second question be answered as follows: The Commissioner of the Department of Public Safety may issue such special permits on the basis that he deems appropriate as long as he complies with the Oklahoma Statutes and collects a minimum fee of Five Dollars ($5.00) for such permit. The duration of such a permit may be for whatever period the Commissioner deems appropriate. (Paul C. Duncan)